UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | |
| *Plaintiff*, | : | |
| v. | : | No. 3:25-cv-856 (SFR) |
| JOHN DOE, Subscriber assigned IP address: 47.164.138.166, | : | |
| *Defendant*. | : | |

# PROTECTIVE ORDER

As discussed in the docket ruling granting the plaintiff's Motion for Leave to File Third Party Early Discovery, the plaintiff ("STRIKE 3") may commence early discovery subject to the limitations and conditions described below.

1. Within 14 days of this order, STRIKE 3 may serve a Rule 45 subpoena on defendant John Doe's internet service provider, Frontier Communications ("FRONTIER"), to obtain the defendant's name and his or her current and permanent address. <u>STRIKE 3 must serve a copy of the Complaint and this Protective Order along with the Subpoena</u>. STRIKE 3 shall file a proof of service on the docket.

2. STRIKE 3 may *not* seek discovery of defendant's e-mail addresses or telephone numbers absent further order of the Court.

3. Given the possibility that persons other than the defendant internet subscriber may have used the IP address in question, such that the defendant might be innocent of the alleged infringement, FRONTIER shall notify the defendant within 60 days after service of the Subpoena on FRONTIER. Specifically, <u>FRONTIER shall serve the defendant John Doe with</u>:

    a. A copy of the Complaint, this Protective Order, and the Subpoena; and

    b. Notice that FRONTIER will disclose the subpoenaed information to STRIKE 3 unless the defendant files a motion to quash the Subpoena or seeks other appropriate relief in this Court within 60 days after FRONTIER serves the Subpoena on the defendant.

    FRONTIER may serve the defendant using any reasonable means, including by first class mail or overnight service to his or her last known address.

4. Within 60 days after FRONTIER sends service to the defendant, the defendant may file any appropriate motions with this Court contesting the Subpoena (such as a motion to quash or modify the Subpoena), as well as any request to litigate anonymously. FRONTIER may not turn over the identifying information of the defendant to STRIKE 3 before the expiration of this 60-day period.

5. If the defendant or FRONTIER files a motion to quash or modify the subpoena, or if the defendant files a request to litigate anonymously, FRONTIER may not disclose the subpoenaed information to STRIKE 3 unless and until the Court instructs FRONTIER to comply with the Subpoena.

6. FRONTIER shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. In advance of complying with the Subpoena, FRONTIER shall confer with STRIKE 3 and shall not assess any charge for the conference. If FRONTIER elects to charge STRIKE 3 for the costs of production, it shall provide a billing summary and cost report to STRIKE 3.

8. Any information ultimately disclosed to STRIKE 3 in response to the Subpoena may be used solely for the purposes of this litigation. STRIKE 3 shall not disclose the defendant's name or address, nor any other identifying information that STRIKE 3 may subsequently learn, other than the defendant's ISP number. STRIKE 3 shall not threaten to disclose any of the defendant's identifying information.

9. The defendant will be permitted to litigate this case anonymously until he or she has had an opportunity to address any potential issues of misidentification, including an opportunity to challenge the technology used to identify his or her IP address. Accordingly, any filings containing defendant's identifying information must be filed under seal until the Court orders otherwise.

10. STRIKE 3 shall file on the docket, under seal, the terms of any settlement agreement with the defendant. If STRIKE 3 chooses to dismiss this case for reasons other than settlement, the notice of dismissal shall identify those reasons.

11. Failure to comply with any of the foregoing provisions will result in sanctions. Even after dismissal, the Court will retain jurisdiction for the purposes of enforcing this Protective Order.

SO ORDERED, this 24th day of July, 2025, at Bridgeport, Connecticut.

>*/s/ S. Dave Vatti*
>S. DAVE VATTI
>United States Magistrate Judge